IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEXIE ANTREAL PUGH.                                                                    PLAINTIFF

v.                    Civil No. 4:22-CV-04068-SOH-BAB

LIEUTENANT KAREN GHORMLEY,
Nevada County Detention Center; SHERIFF DANNY
MARTIN, Nevada County, Arkansas; SERGEANT KATIE
SHEAKS, NCDC
                                                                                       DEFENDANTS.

## REPORT AND RECOMMENDATION

Plaintiff Lexie Pugh, an inmate in the Arkansas Division of Community Corrections, Omega Supervision Center, filed the above-captioned civil rights action under 42 U.S.C. § 1983. (Dkt. No. 1). This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1).

### I.   BACKGROUND

Plaintiff submitted an incomplete application to proceed *in forma pauperis* (IFP), *see* (Dkt. No. 2), along with his original civil rights complaint, *see* (Dkt. No. 1). The Court ordered Plaintiff to file a completed IFP application by August 18, 2022, warning him that failure to comply with

1

the Court's order could result in this Court recommending dismissal of his action. (Dkt. No. 3). After identifying potential deficiencies with the complaint, the Court filed a subsequent order on July 29, 2022, directing him to file an amended complaint and warning him that failure to do so could also result in the Court recommending dismissal of the action for failure to state a claim. (Dkt. No. 5).

Having received Plaintiff's First Amended Complaint, *see* (Dkt. No. 6), and additional IFP information, *see* (Dkt. No. 7), this Court turns to the substance of that complaint—which is now the operative pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure—and finds that it does not cure the deficiencies outlined in the Court's July 29, 2022 order. Thus, this Court recommends that this matter be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b).

In this case, Plaintiff alleges three claims for relief stemming from a May 30, 2022 incident at Nevada County Jail. (Dkt. No. 6). First, Plaintiff alleges that Joshua Bean almost died on May 30, 2022 due to the facility's negligence. *Id.* Plaintiff contends that there was no nurse on duty and others panicked, which resulted in him stepping in to perform their duties. *Id.* Plaintiff claims that the incident caused him mental anguish, but he was denied mental health counseling, which constitutes cruel and unusual punishment. *Id.* Second, Plaintiff contends that he was denied access to documentation and security camera footage of this incident, further compounding his mental anguish in violation of the constitutional prohibition against cruel and unusual punishment. *Id.* Finally, Plaintiff claims his grievances were ignored from May 30, 2022—June 29, 2022, in violation of the law and his rights, which worsened his mental state. Plaintiff contends that he is suing the defendants in their official and individual capacities with respect to claims one and three and suing the defendants only in their official capacity with respect to claim two. *Id.* Plaintiff

requests compensatory and punitive damages and an order reprimanding the defendants for their alleged wrongdoings and their failure to offer him mental health counseling after the May 30, 2022 incident. *Id.*

## II. LEGAL STANDARD

Under PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## III. DISCUSSION

### A. The First Amended Complaint

Here, the Court previously warned Plaintiff that his original complaint did not "clearly state how each named Defendant violated his federal constitutional rights." (Dkt. No. 5). Plaintiff's First Amended Complaint does not cure this deficiency. In fact, the Amended Complaint contains less

detail than the original complaint. As such, this Court recommends that Plaintiff's Amended Complaint be dismissed for failure to state a claim.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) "is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979). In a § 1983 action such as this one, the essential elements of the claim are "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009). Further, "to prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (citing *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009)).

As currently written, Plaintiff's complaint is deficient because it fails to specifically identify how any of the named defendants allegedly violated his constitutional rights. The Court's July 29, 2022 Order warned Plaintiff of this deficiency, *see* Dkt. No. 5, but his First Amended Complaint does not cure it. More specifically, the First Amended Complaint fails to describe how any of the named defendants—Lt. Karen Ghormley, Sgt. Katie Sheaks, and Sheriff Danny Martin—were personally involved in the alleged violation of his constitutional rights. *See Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009) (explaining that § 1983 liability is personal and that to recover damages the plaintiff must show that the defendant was "personally involved in, or directly responsible for" the alleged violation of plaintiff's constitutional right).

Although Plaintiff also names these defendants in their "official capacities," an official

capacity claim against a defendant is the equivalent to a claim against the municipal entity who employs him, here, Nevada County, Arkansas. *See Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). To sustain such a claim, a plaintiff must allege the existence of a custom or policy that was the moving force behind the alleged constitutional violations. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). Here, again, however, Plaintiff's First Amended Complaint is deficient because it fails to allege any facts that the named defendants were acting pursuant to policy—or that they were the authors of this policy—when his constitutional rights were allegedly violated.

Even though case law requires *pro se* complaints to be liberally construed, courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (citing *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.")). Here, despite warning Plaintiff of the deficiencies in the original complaint, the First Amended Complaint fails to allege sufficient facts that would put the defendants on notice of the conduct at issue as required under Rule 8 of the Federal Rules of Civil Procedure. Accordingly, this Court recommends that Plaintiff's First Amended Complaint be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

B. **The IFP Application**

On July 28, 2022, this Court ordered Plaintiff to submit a completed IFP application. (Dkt. No. 3). The Court received additional IFP information—Plaintiff's "Certificate of Inmate Account and Assets—on August 24, 2022. (Dkt. No. 7). Because this Court recommends that the First

Amended Complaint be dismissed for failure to state a claim, however, the Court further recommends that the IFP application be denied as moot.

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's First Amended Complaint (Dkt. No. 6) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) Plaintiff's IFP application (Dkt. No. 2) be **DENIED AS MOOT**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this 25th day of August 2022.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

6